MAY S. ROSEN, Respondent, v. NEW YORK CITY TEACHERS' RETIREMENT BOARD et al., Appellants.

First Department, June 16, 1953.

*Helen R. Cassidy* of counsel (*Seymour B. Quel* and *Edward J. McLaughlin* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellants.

*Benjamin M. Zelman* of counsel (*Zelman & Zelman,* attorneys), for respondent.

*Per Curiam.* In an action by a retired school teacher for a declaratory judgment determining that she is entitled to have the " cost of living bonus " and emergency increases in pay included as salary in computing her pension rights, Special Term granted plaintiff judgment on the pleadings and denied defendants' motion for summary judgment. Defendants appeal.

The learned Special Term held that salary included cost of living bonus and was one of the benefits guaranteed to plaintiff by the New York State Constitution (art. V, § 7) and that such benefit could be waived only by a written waiver and could not be spelled out by a course of conduct.

In the *Matter of Carroll* v. *Grumet* (281 App. Div. 35, motion for leave to appeal denied 281 App. Div. 863, motion to dismiss appeal granted 305 N. Y. 692) this court held that a retired New York City fireman may not have his pension recomputed on the ground that a cost of living bonus should have been treated as a part of his full salary or compensation where before he retired he had received the bonus and voluntarily executed a written agreement with the City of New York that it should not constitute salary for the purpose of computing his pension and that neither he nor the city should be required to make payments into the pension system on account of such additional compensation. We further ruled that the agreement entered into was in accord with the public policy of the State.

The narrow issue now before us is whether, assuming the bonus and temporary increases are part of salary, plaintiff, by her course of conduct during the years in question, waived the benefit. From 1945 to 1947, this plaintiff accepted unquestioningly the benefits which were granted only conditionally; viz., on the express condition that the increase should not be considered with respect to pension rights. She also signed payrolls every month which on their face showed that there was no deduction for pension purposes with regard to the cost of living bonus.

Section 3102 of the Education Law (formerly § 3101) vests in the board of education the power to fix salaries of teachers and other employees within the minimum salary rates frozen into

fixed schedules. The cost of living bonuses and temporary salary increases were temporary increases not required to be paid by the statutory salary schedules in section 3103 of the Education Law (formerly § 3102).

Plaintiff offered as her own exhibits the board of education resolutions expressing the said conditions attached to the grants. These resolutions granting the temporary cost of living bonus and temporary emergency increases expressly made them conditional on exclusion of such increases from salary for pension purposes. A written agreement by the employee is no more binding than the conceded continued and unquestioned acceptance herein of the benefits granted under the terms and conditions of the grant.

An employee may waive any right which he has including statutory and even constitutional rights unless such waiver would violate public policy (*People ex rel. McLaughlin* v. *Board of Police Commissioners,* 174 N. Y. 450, 456; *Matter of Manning* v. *Joseph,* 304 N. Y. 278). In the *Carroll* case we have held that a waiver of a benefit such as the one herein involved does not violate but is in accordance with the public policy of the State.

Only one retired teacher sues; but concededly the case is a test case, controlling the decision of many other similar claims. While the present controversy is between the retired school teacher and the board of education, it was the City of New York that appropriated the funds necessary to pay the cost of living bonuses and the city will be obliged to make additional and heavy pension contributions should plaintiff and all similarly situated be successful (Administrative Code of City of New York, § B20–26.0). The intention on the part of the city and the board of education was clearly expressed not to grant any additional compensation unless the conditions of the grant were observed.

The order appealed from granting plaintiff's motion for judgment on the pleadings and denying defendants' cross motion for summary judgment dismissing the complaint should be reversed and defendants' motion granted.

PECK, P. J., GLENNON, DORE, COHN and BREITEL, JJ., concur.

Order granting plaintiff's motion for judgment on the pleadings and denying defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, with one bill of $20 costs and disbursements to the appellants and defendants' motion granted.