Gabrielli, J.
We are asked to determine whether lump-sum payments made to a retired employee of the New York City Housing Authority, representing accrued annual leave and retirement terminal leave are to he included in the computation of retirement benefits under the formula established by the Administrative Code which uses as its salary base the annual salary or compensation earnable (by an employee) in either his last year of service or, at the retiree’s election, his three-year average compensation.
Petitioner, a lawyer employed by the Housing Authority for 23 years, retired as General Counsel on January 1, 1972 upon reaching the mandatory retirement age. His gross salary during the last year of city service was $31,221.79. Electing to have his retirement benefits based upon his final year’s salary, rather than his three-year-average compensation, he contends that he is entitled to have included in his final year salary, for retirement benefit purposes, the lump-sum payments made to him for “ terminal leave ” and for “ retirement terminal leave ”. “ Terminal leave ” is granted on the basis of the amount of unused annual leave and overtime for which he may be paid upon termination of employment up to a maximum of 72 days. “ Retirement Terminal Leave ” is leave granted with pay, at the discretion of the Housing Authority Chairman, to retiring employees with over 10 years service up to a maximum of one month for every 10 years of service. Petitioner had attained the maximum accrued annual leave of 72 days and was also awarded the maximum retirement terminal leave. Following his retirement, he received two cash payments totaling $12,749.57 for these purposes which he now asserts should be added to his regular salary for the final year of service, in the computation of his benefits.
Prior to 1964, a retiring employee who was entitled to vacation and terminal leave, and who had not reached mandatory retirement age, would begin his leave on his last day of active employ *384 ment, receiving biweekly payments during the accrued leaves, and then formally retire at the expiration of his leaves. An employee reaching mandatory retirement age would arrange his leave to start on such a date that his terminal leaves would expire on the day before his mandatory retirement date. However, on January 1, 1964, by formal resolution, employees were given the opportunity of electing to receive a lump-sum payment for terminal leave and retirement terminal leave, thereby making the employee eligible for retirement benefits the day after his last day of work, rather than waiting for the expiration of his terminal leave and retirement terminal leave.
The record discloses that lump-sum payments in lieu of terminal leave were neither intended to nor have they been included in determining retirement benefits for employees since 1964, the time when employees were granted the election to receive the lump-sum payments in lieu of terminal leaves.
Special Term concluded that “ [s]ince the lump sum payment received by the petitioner for this Terminal Leave and Retirement Terminal Leave was only in lieu of time off, which he could have taken while still being on the payroll, it may not be added to his compensation for the years prior to his retirement for the purpose of calculating his retirement benefits.” The Appellate Division unanimously affirmed and we agree. Section B3 — 42.0 (subd. a, par. 7) of the Administrative Code of the City of New York defines, in pertinent part, the basis for retirement benefits as the “ member’s annual salary or compensation earnable by him for city-service in the year prior to his retirement ” (emphasis supplied). The payments made to petitioner for terminal leave and retirement terminal leave were not earnable by him for city service in the year prior to his retirement. These payments accrued on petitioner’s retirement and were necessarily made to him after he had left city service, and in fact were not payable until petitioner had actually left city service. The code provision is unequivocal in establishing as its basis the compensation earnable in the year prior to retirement. The statutory scheme governing these benefits prior to 1964 clearly indicates that these lump-sum payments were made in lieu of time off, and that prior to that date both terminal . leave and retirement leave were taken before actual retirement. The lump-sum payments are merely a substitute for deferment *385 of the employee’s retirement. There is no manifestation of any legislative intendment that the base salary, for these purposes would be affected by the lump-sum cash payments of benefits following retirement. Hence, there cah be no support for petitioner’s argument that these payments^ made in a lump sum at the request of the retiring employee, should be included as annual salary or compensation “ earnable ” under the code.
• This is not to say that any money received after retirement (e.g., late salary payments for services actually rendered; cf. Brooks v. City of New York, 68 Misc 2d 866) are not relevant in the calculation of retirement benefits, for they may be compensation accruing and actually earned during a certain year or years. Our conclusion excluding these benefits in the computation of base income finds support in the tact that these benefits have never been considered by respondent in calculating pension benefits. There has been a consistent policy to exclude the benefits from the retirement salary base, a policy which was predicated on the code provision and a solicited opinion of the Corporation Counsel in 1963 specifically ruling that lump-sum payments made by the Authority to its retiring employees in lieu of terminal leave may not lawfully be included in the salary base for the purpose of determining the retirement allowances of such employees. This continued practice of excluding these payments in the computation of base salary distinguishes the present case from Kranker v. Levitt (30 N Y 2d 574) relied on by petitioner. At issue in Kranker was the validity of section 431 of the Retirement and Social Security Law, which excluded cash payments for accumulated vacation credits in determining the salary base for the computation of benefits. Prior to enactment of this section, accumulated vacation credits had been consistently included in the calculation of base salary for pension purposes. Accordingly, this court held that the statutory exclusion mandated by section 431 impaired the vested rights of the members to such benefits and thus violated section 7 of article V of the State Constitution if retroactively applied to those employees entering the system prior to the effective date of the statute. This issue, found crucial in Kranker, is not present here. In that case the established pattern of treating accumulated vacation credits as an integral part of the base salary in Kranker was the crux of our decision.
*386 Petitioner also relies on Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v. Associated Teachers of Huntington (30 N Y 2d 122) which involved a “ so-called retirement bonus ” that was in reality a salary increase given to employees during their last year of service with the expectation that the salary increment, based in part on the number of years of service, would induce experienced teachers to remain in the employ of the school district and insure that teachers planning to retire would give the school district sufficient notice to find suitable replacements. Unlike the present appeal where lump-sum payments are made in lieu of paid leave, the payihents in Huntington:-were clearly increases in salary. Similarly in Brooks v. City of New York (68 Misc 2d 866, supra), the court was concerned with what was a salary increase earned, but not paid. The same distinction is evident in Matter of Carroll v. Grumet (281 App. Div. 35) and Rosen v. New York City Teachers’ Retirement Bd. (282 App. Div. 216) relied on by petitioner. In each of these cases the courts were concerned with emergency cost-of-living pay increases and, absent waiver as in Rosen or stipulation as in Carroll, the increments would have been a proper component of base salary.
A clear reading of the code provision (B3-42.0, subd. a, par. 7) defining “ annual salary or compensation ” for retirement purposes, and its obvious intendment, leads to the inescapable conclusion that these terminal leave lump-sum payments may not be included in determining retirement benefits.
The order should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Babin and Stevens concur.
Order affirmed, with costs.