Memorandum. Prior to her retirement on March 1, 1975, plaintiff held the position of Assistant Director, Child Welfare, in the Department of Social Services of the City of New York. Until January 1, 1971, her potential retirement and pension benefits were governed by certain regulations known as the "Career and Salary Plan”. Although her title and responsibilities apparently remained unchanged, on July 1, 1971, made retroactively effective to January 1, 1971, the retirement and pension benefits for persons with her title were removed from the "Career and Salary Plan” and became governed by the "Managerial Pay Plan” which had been established in 1969. Plaintiff, contending that she had vested rights in the "Career and Salary Plan” and that through this plan she would have *32 been entitled to greater pension and retirement benefits, brought this action to recover such additional benefits which she alleged would have been available to her under that plan.
Without otherwise passing on the merits of plaintiffs action, we hold that any claim that she may have had for the benefits under the "Career and Salary Plan” had been effectively waived by an agreement made by her collective bargaining representative and by her own actions. At all relevant times she was represented by the Senior Social Service Administrators Association, which in 1969 entered into a collective bargaining agreement with the city and the Department of Social Services. This agreement, inter alia, provided that "[t]he Union * * * agrees, that it will not object or intervene in any way, and further, will join with the City in any petition requesting the Board of Certification of the Office of Collective Bargaining to declare the titles covered by this agreement as managerial in nature and not subject to further collective bargaining, effective as of the termination of this contract.” This agreement terminated December 31, 1970. Thereafter, as contemplated by this agreement, plaintiff’s title was transferred to the "Managerial Pay Plan”, effective January 1, 1971.
Plaintiff, having designated the union to be her agent for collective bargaining purposes, is bound by agreements made by that union on her behalf. She may not reject certain acts of her bargaining representative and accept others. (Matter of New York Times Co. [Newspaper Guild of N. Y.], 2 AD2d 31, 33.) Since this waiver is not against public policy, there is no bar to plaintiff’s or the union’s waiver of the allegedly greater retirement and pension benefits' available under the "Career and Salary Plan”. (See Rosen v New York City Teachers’ Retirement Bd., 282 App Div 216, affd 306 NY 625.) We also note that from January 1, 1971, until her retirement, plaintiff apparently accepted and enjoyed at least one increased benefit, a higher salary, available to her under the "Managerial Pay Plan”.
Accordingly, the order of the Appellate Division should be affirmed.