Fuchsberg, J. (dissenting).
I do not believe the record before us justifies a summary finding of waiver by the petitioner or those similarly situated. Accordingly, I would vote to reverse and order a hearing.
The waiver here would encompass the surrender by a civil *33 servant, after a lifetime of service and attainment of eligibility for retirement, of what appears to have been earned, vested rights valued at an amount exceeding $16,000. The waiver of such constitutionally protected rights should be clear and certain (cf. Johnson v Zerbst, 304 US 458).
The collective bargaining agreement, as is evident from its quotation in the majority’s memorandum, speaks of no such waiver. The Managerial Pay Plan’s Leave Regulations, relied upon for the divesting, were not adopted until nearly two years later. As the situation presented itself at the time of the making of the agreement, it might have been reasonable to infer that it was intended that fringe benefits to be earned in futuro were subject to change by later regulations, but it seems to me that the burden of persuading a court that the bargaining agent, and much more so the employees affected, knew or should have known that the waiver of rights already earned and vested were intended to become subject to unilateral divestiture by the employer should, in all fairness, have been shouldered by the city.
That view appears to be all the more compelling since the agreement’s contemplation of the employees’ shift to managerial status meant that the bargaining agent was thereby also reading itself out of existence so that once the managerial shift took place, it would no longer be in a position to intervene in any dispute arising out of the future application of the agreement. Significantly, there was thereby introduced into the negotiations an element, if not of conflict of interest, certainly of disinterest on the part of the agent with whom the city dealt. Moreover, the very small salary increase, which the majority notes accompanied the recognition of managerial status, was entirely too unremarkable an item for it to support a claim that its acceptance constituted consent to the forfeitures which the city now seeks to impose. Indeed, appellant’s letter of February 22, 1971 to the General Counsel of the Civil Service Commission indicates quite the contrary.
Rosen v New York City Teachers’ Retirement Bd. (282 App Div 216, affd 306 NY 625), cited by the majority, is distinguishable. It was one of a triad, the others being Carroll v Grumet (281 App Div 35, app dismd 305 NY 692) and White v Hussey (275 App Div 714). Involved there was a clear and unequivocal understanding that a cost-of-living bonus was not to be considered salary in calculating an employee’s pension. Absent unequivocal agreement or waiver, however, "the incre *34 ments would have been a proper component of base salary” (Matter of Hessel v New York City Employees’ Retirement System, 33 NY2d 381, 386 [Gabrielli, J.]).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur; Judge Fuchsberg dissents and votes to reverse in a separate opinion.
Order affirmed, with costs, in a memorandum.