In the Matter of RICHARD J. BOOKHOUT et al., Petitioners, v
ARTHUR LEVITT, as Comptroller of the State of New York
and Administrative Head of the New York State Em-
ployees' Retirement System, Respondent.

Third Department, December 9, 1976

*McNamee, Lochner, Titus & Williams, P.C. (Earl H. Gallup,
Jr.,* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley*
and *Ruth Kessler Toch* of counsel), for respondent.

LARKIN, J. The petitioners, all members of the New York
State Employees' Retirement System, are retired *elected* pub-
lic officials of Otsego County. They include former Surrogate's
Court, County Court and Family Court Judges, a former
County Treasurer and a former County Clerk. In each in-
stance the respondent Comptroller has determined, pursuant

to the procedures of section 74 of the Retirement and Social Security Law, that (1) lump-sum payments for accumulated unused vacation time and (2) additional service credits for accumulated unused sick leave, both authorized by the county at the time of their respective retirements, should not be included in the computation of the petitioners' retirement allowances.

The Retirement and Social Security Law provides, in pertinent part, that retirement allowances are computed by multiplying the "final average salary" of the member by the length of service and applying a factor of .02 to the figure obtained thereby (Retirement and Social Security Law, § 75-h, subd a). "Final average salary" is defined as the "highest average annual compensation earned during any three consecutive years of member service for which he is credited" (Retirement and Social Security Law, § 2, subd 9, par b). The term "annual compensation" is defined as "salary or wages annually earnable by a member" (Retirement and Social Security Law, § 2, subd 2, par a).

By section 19 of chapter 503 of the Laws of 1971, the Legislature enacted a new section 431 of the Retirement and Social Security Law, which provides, insofar as relevant herein: "In any retirement or pension plan to which the state or municipality thereof contributes, the salary base for the computation of retirement benefits shall in no event include any of the following earned or received, on or after April first, nineteen hundred seventy-two: 1. lump sum payments for deferred compensation, sick leave, accumulated vacation or other credits for time not worked."

In *Kranker v Levitt* (30 NY2d 574), the court held that a decision by the Comptroller in 1957 to include cash payments for accumulated unused vacation credits in determining the salary base used to compute retirement benefits of the employees therein created a "valid contract" and gave the members a "vested right to the aforesaid benefit" and found that the attempt of subdivision 1 of section 431 of the Retirement and Social Security Law, to eliminate the inclusion of such payments violated section 7 of article V of the State Constitution "if retroactively applied" *(id.,* p 575). In *Matter of Weber v Levitt* (34 NY2d 797), the court reviewed a decision of this court, in which we construed *Kranker* as upholding the use of lump-sum payments in the computation of final average salary only where there is a "prior administrative practice which

might be said to give rise to a contract" *(Matter of Weber v Levitt,* 41 AD2d 452, 459). In affirming on the opinion of this court, the Court of Appeals stated that "[t]he Appellate Division correctly interpreted the limited effect of *Kranker* * * * as creating a vested right to inclusion only if based on administrative construction and practice for a 'given' or extended period of time, and then, only to the extent reasonable" (citation omitted) *(Matter of Weber v Levitt,* 34 NY2d 797, 800). In *Matter of Hessel v New York City Employees' Retirement System* (33 NY2d 381), the court, in further construing *Kranker* stated that "[i]n that case the established pattern of treating accumulated vacation credits as an integral part of the base salary in *Kranker* was the crux of our decision" *(id., p 385).*

Because the petitioners herein were all members of the retirement system prior to the enactment of section 431 of the Retirement and Social Security Law, the issue presented with respect to their first claim, for credit for lump-sum payments for accumulated unused vacation time, is whether such claim is the subject of a vested right arising from an established pattern of prior administrative practice. We find that with respect to *elected* public officials the Comptroller has followed a policy of disallowing retirement credit for such payments and, accordingly, that petitioners, having no vested or contractual right therein, are not entitled to retirement credit therefor.

The consistent policy of the respondent Comptroller has been to consider "any cash payment for accumulated and unused vacation time made to an elected official * * * highly irregular, improper and, probably, illegal" (24 Opns St Comp, 1968, pp 88, 89. See, also, 28 Opns St Comp, 1972, p 20, and 24 Opns St Comp, 1968, p 450; cf. General Municipal Law, § 92). Although no opinion or case directly concerning respondent's policy as to retirement credit for such cash payments to elected officials has come to the attention of this court, petitioners have presented no evidence and made no claim to refute the allegation by respondent that the corollary to the policy evident in the cited Comptroller's opinions, i.e., the denial of retirement credit for the cash payments condemned therein, has consistently been the rule of respondent.

Petitioners rely upon section 92 of the General Municipal Law, which provides, *inter alia,* that the governing body of a county may grant vacations, sick leaves and leaves of absence,

with or without pay, "to its officers and employees" and that "[n]otwithstanding any other provision of law * * * such governing body * * * may * * * provide for cash payment of the monetary value of accumulated and unused vacation time or time allowances granted in lieu of overtime compensation standing to the credit of its officers and employees at the time of their separation from the service". The Comptroller however, was considering this very statute in the above-quoted opinion in which he stated that such payments to an elected official were "highly irregular, improper and, probably, illegal" (24 Opns St Comp, 1968, pp 88, 89). More significant, however, is the fact that said section 92 of the General Municipal Law concerns only the validity of the lump sum, cash payments made at the time of retirement, whereas the issue in this case, whether such payments should be considered in computing retirement allowances, is, as set forth above, the subject of the specific statutory prohibition contained in section 431 of the Retirement and Social Security Law.

In regard to the second claim of the petitioners, for additional service credit for accumulated unused sick leave, we reach a different result. Unlike the case of lump-sum payments for accumulated unused vacation time, where section 431 of the Retirement and Social Security Law evidences a legislative decision to forestall their inclusion in the computation of retirement benefits, there is no such policy evident with regard to whether accumulated sick leave should be included. To the contrary, section 33 of the Retirement and Social Security Law provides that a participating employer may elect to provide its own "employees" with any of the benefits provided for State employees under subdivision j of section 41 of the law. The County of Otsego made such election by Resolution No. 104, effective July 15, 1970. Subdivision j of section 41 of the Retirement and Social Security Law provides that, to specified limits, a "member" may receive additional retirement service credit for accumulated unused sick leave. No distinction is made between elected and nonelected "employees" under section 33 or between an elected or a nonelected "member" under subdivision j of section 41 of the Retirement and Social Security Law. In view of this specific statutory basis for the inclusion of accumulated unused sick leave, in sharp contrast to the prohibition against including lump-sum payments for accumulated unused vaca-

tion time, that portion of the determination of the respondent disallowing retirement credit for the sick leave must be annulled.

The determination should be modified, by annulling that portion thereof denying petitioners' additional retirement service credit for accumulated unused sick leave at the time of retirement, and matter remitted for a recomputation of petitioners' retirement allowances, and, as so modified, confirmed, without costs.

KOREMAN, P. J., GREENBLOTT, SWEENEY and MAHONEY, JJ., concur.

Determination modified, by annulling that portion thereof denying petitioners' additional retirement service credit for accumulated unused sick leave at the time of retirement, and matter remitted for a recomputation of petitioners' retirement allowances, and, as so modified, confirmed, without costs.