In the Matter of SEYMOUR ELLENBOGEN, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, and as Administrative Head of the New York State Employees' Retirement System, Respondent.

Third Department, March 30, 1978

**APPEARANCES OF COUNSEL**

*Francis Bergan* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

Mahoney, P. J.

On June 8, 1931, petitioner became a member of the New York State Employees' Retirement System, with an age 60 retirement plan. In July, 1957, he elected to become a member of the age 55 retirement plan. On May 7, 1968, petitioner duly executed and acknowledged his election to become a member of the Legislative and Executive Retirement Plan (Retirement and Social Security Law, § 80-a). Thereafter, by letter, petitioner made application for retirement effective August 29, 1968 wherein he requested that his retirement allowance be based on his final average salary for the three-year period ending August 28, 1968. The Retirement System computed petitioner's retirement allowance based on the last three calendar years during which he received his highest compensation, and, further, made the allowance subject to paragraph 3 of subdivision d of section 80-a of the Retirement and Social Security Law which provides that the total pension paid to any member of the Legislative and Executive Retirement Plan shall not exceed 75% of such member's final average salary.

In this proceeding, petitioner argues that this pension limitation provision is unconstitutional as applied because section 7 of article V of the New York State Constitution vested in him, on July 1, 1940, the benefits of a retirement plan, of which he was then a member, and which did not contain any limitation. These benefits included a mathematical formula containing a multiple factor equal to a member's total years in service, which, when triggered by retirement, automatically produced a product which was the member's annual allowance undiminished by any arbitrary maximum.

Without weighing and determining in the abstract the merits of petitioner's contention, it is sufficient for purposes of disposition to note that the Court of Appeals in *Schacht v City of New York* (39 NY2d 28) has held that a waiver of vested pension rights is not necessarily against public policy *(id.,* p 32). A retiree is bound by the terms of his waiver and may not, as here, accept benefits of one retirement plan while rejecting those of another. Even Judge Fuchsberg's dissent in *Schacht* affirms the validity of a waiver of pension rights provided, again as here, the waiver is "clear and certain" *(id..*

p 33; cf. *Johnson v Zerbst,* 304 US 458). Without determining that all pension rights are waivable per se, there can be no question that the subject waiver was not against public policy. The purpose of the 75% limitation in paragraph 3 of subdivision d of section 80-a of the Retirement and Social Security Law was to limit the greatly increased benefits afforded by the Legislative and Executive Retirement Plan so that it would not be possible for a participating member with a great number of years in service, as petitioner herein, to retire with an allowance greater than his final average salary. Certainly, a waiver that reduces the number of years in service that can be used as a multiplier so as to hold the applicant's final allowance to a maximum of 75% of his highest three-year salary average is not violative of a public policy of this State.

Petitioner also contends that the comptroller erred in the computation of his "final average salary" by using only the last three calendar years of his employment, rather than permitting petitioner to select, as he could have under his former plan, any three-year period regardless of the commencement and termination dates of the years selected. Further, petitioner insists that even if respondent is correct in construing paragraph 4 of subdivision a of section 80-a of the Retirement and Social Security Law as requiring only salary paid during three calendar years be used in computing "final average salary", such interpretation cannot be constitutionally applied to him so as to divest him of a vested right to select any 36-month period for such computation (NY Const, art V, § 7).

▆ Consistent with our conclusion regarding a member's ability to waive a contractual pension benefit, if not contrary to a public policy, we hold that if petitioner had a vested right to select the period determinative of his "final average salary", he waived that benefit by electing membership in the Legislative and Executive Retirement Plan *(Schacht v City of New York, supra).* The issue is refined to whether respondent's construction of paragraph 4 of subdivision a of section 80-a is erroneous or arbitrary or capricious. We hold it is not. A reading of the statute indicates that the definition of "final average salary" incorporates the terms "yearly compensation" and "annual compensation" and each of these terms is defined in the statute to include amounts paid in a "calendar year". Thus, by relating the defined terms it is not unreasonable or irrational to conclude that a computation of "final average

salary" is limited to three consecutive calendar years. The respondent comptroller's contruction is entitled to deference and should not be disturbed *(Matter of New York Life Ins. Co. v Glavin,* 35 NY2d 52, 58-59; *Matter of Howard v Wyman,* 28 NY2d 434, 438).

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.