■ In the Matter of CONCETTA SORGE, as Executor of FRANK H. SORGE, Deceased, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement and ordinary disability retirement benefits. Frank H. Sorge was employed as a Deputy Sheriff for Monroe County from April 1, 1954 until November 18, 1962, at which time he resigned and withdrew all his contributions from the New York State Employees' Retirement System. He was reappointed as a Deputy Sheriff on January 1, 1974 and rejoined the retirement system on January 17, 1974. He worked as a guard for the Grand Jury and was so employed until January 14, 1977 when he suffered a heart attack from which he subsequently died. Mr. Sorge had applied for retirement credit for his prior service from April 1, 1954 to November 18, 1962 and from December 10, 1973 to January 17, 1974. He was advised of the cost and had consented to payroll deductions from his salary for the purchasing of such credit which was paid. The Comptroller held that Frank Sorge was not entitled to receive retirement credit for past member service; that he was not eligible to apply for ordinary disability retirement; that the incident of January 14, 1977 did not constitute an accident under section 63 of the Retirement and Social Security Law; and that the application for accidental disability retirement must be denied. The determination of the State Comptroller that decedent's disability was not the result of an accident is supported by substantial evidence. The performance of duties ordinarily and normally expected of the applicant which result in the onset of physical disability do not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law (Matter of Chayut v Levitt, 53 AD2d 322). The determination that the applicant was not entitled to ordinary disability retirement must be upheld as well. In order to be entitled to ordinary disability benefits, a member must have at least 10 years of total service in the system (Retirement and Social Security Law, § 62). Before his resignation in 1962, Mr. Sorge had eight years and seven months of service. By withdrawing his contributions, he lost his membership in the system and the rights and privileges of such membership. While no longer in the system, the law was amended in reference to reacquiring membership benefits for those rejoining the system. Subdivision c of section 446 of the Retirement and Social Security Law permits obtaining retirement benefits for previous service provided an applicant renders a minimum of five years of credited service after July 1, 1973. Mr. Sorge was back in the system for only three years and, therefore, failed to become eligible to secure credit for prior service. Appellant's contention that subdivision c of section 446 of the Retirement and Social Security Law does not apply to Mr. Sorge because section 7 of article V of the State Constitution prohibits the diminishing or impairment of benefits in the State Retirement System has no merit. When the section was enacted, Mr. Sorge was not a member of the system and, therefore, was not entitled to the constitutional protection given to members of the system (Birnbaum v New York State Teachers Retirement System, 5 NY2d 1). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., and Mikoll, JJ., concur; Main, J., not taking part.