In the Matter of the VILLAGE OF FAIRPORT, Appellant, v HAROLD R. NEWMAN, as Chairman of the New York State Public Employment Relations Board, et al., Respondents.

Fourth Department, December 17, 1982

### APPEARANCES OF COUNSEL

*Harris, Beach, Wilcox, Rubin & Levey* (*Peter J. Spinelli* of counsel), for appellant.

*Martin L. Barr* (*Jerome Thier* of counsel), for respondents.

### OPINION OF THE COURT

DENMAN, J.

We are asked to determine whether retirement benefits are subject to the compulsory interest arbitration provisions applicable to police and fire personnel pursuant to section 209 of the Civil Service Law. We conclude that they are and that such result is not in conflict with section 7 of article V of the New York Constitution.

Following an impasse in collective bargaining negotiations, the Fairport Police Billy Club, the negotiating unit of patrolmen and sergeants of the Village of Fairport Police Department, requested the New York State Public Employment Relations Board (PERB), to refer the impasse to a compulsory interest arbitration panel pursuant to subdivision 4 of section 209 of the Civil Service Law. The petition submitted by the union included, *inter alia,* a demand for retirement after 20 years of service at half pay regardless of age. The village filed an improper practice charge, alleging that the retirement demand was an improper subject for public interest arbitration. Relying on its previous decision in *Matter of Rockland County Patrolmen's Benevolent Assn. (Town of Haverstraw)* (12 PERB 3162, 3163 [par 12-3085]), PERB rejected the village's contention and ruled that "the scope of interest arbitration is co-extensive with [the] scope of negotiations". The village then commenced this CPLR article 78 proceeding to review the board's decision.

We note initially that the scope of our review is limited. Unless the board's determination was "affected by an error of law" or was "arbitrary and capricious or an abuse of discretion" (CPLR 7803, subd 3), we have no authority to substitute our judgment for that of the board. "As the agency charged with implementing the fundamental policies of the Taylor Law, the board is presumed to have developed an expertise and judgment that requires us to accept its construction if not unreasonable (citations omitted)" (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 404).

It is clear that retirement benefits are a mandatory subject of negotiation (see *Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., supra).* We note that legislation has been enacted to exclude retirement benefits from the definition of conditions of employment which are mandatory subjects of negotiation (L 1973, ch 382; see NY Legis Ann, 1973, pp 302-303), but implementation has been postponed until July 1, 1983 (L 1975, ch 625; L 1978, ch 464; L 1979, ch 321; L 1981, ch 381). Under the latest postponement of the effec-

tive date, retirement benefits may be negotiated as long as any change does not require an act of the Legislature. Since retirement benefits are at this juncture conditions of employment (Civil Service Law, § 209, subd 4), they were a proper subject for impasse arbitration.

The village urges us to find that submission of the retirement benefits issue to arbitration creates a conflict between section 209 of the Civil Service Law and section 7 of article V of the New York Constitution. The latter provision states, in pertinent part, as follows: "[M]embership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired" (NY Const, art V, § 7). Petitioner argues that since under that section retirement benefits, once granted, may not be diminished, there is a conflict with an award of an arbitration panel which may not be binding for more than two years from expiration of the previous contract (Civil Service Law, § 209, subd 4, par [c], cl [vi]). Thus, contends petitioner, a grant of enhanced retirement benefits is irrevocable pursuant to the constitutional provision, while an arbitration determination is binding for a period not to exceed two years.

Preliminarily, we observe that even if an arbitration award of increased retirement benefits were to become permanent, that result would not be inconsistent with the statute since there is no language mandating a restriction to two years and the parties would be free to negotiate less beneficial terms for new employees (*Matter of Town of Haverstraw v Newman,* 84 AD2d 970, mot for lv to app den 56 NY2d 505; *Matter of Sorge v Levitt,* 71 AD2d 767). More to the point, however, is the fact that petitioners' reading of the constitutional provision would compel a result that benefits, once conferred, are thereby carved in stone. That misapprehends the purpose of the constitutional amendment which was merely to insure that pension and retirement benefits would not be subject to the whim of the Legislature or the caprice of the employer (*Birnbaum v New York State Teachers Retirement System,* 5 NY2d 1, 8). Whereas unilateral action by the employer or the Legislature may not impair such benefits, the parties are not

prevented from negotiating a reduction. The union is free to waive any right of its members to certain benefits in exchange for other considerations (*Schacht v City of New York,* 39 NY2d 28) and the parties are free to negotiate less beneficial terms for new employees hired after the agreement expires (*Matter of Sorge v Levitt,* 71 AD2d 767, *supra*). As long as the contractual benefits are not unilaterally diminished, there is no constitutional violation (*Rosen v New York City Teachers' Retirement Bd.,* 282 App Div 216, affd 306 NY 625).

Since the parties are free to negotiate a reduction in benefits as well as less advantageous terms for future employees, petitioner's argument that it would be burdened permanently by increased retirement benefits in contravention of the Taylor Law is without merit. Accordingly, the judgment should be affirmed.

CALLAHAN, J. P., DOERR, BOOMER and SCHNEPP, JJ., concur.

Judgment unanimously affirmed, without costs.