■ In the Matter of ELBA CENTRAL SCHOOL DISTRICT, Petitioner, v HAROLD R. NEWMAN et al., Comprising the New York State Public Employment Relations Board, Respondents. — Determination unanimously confirmed, petition dismissed, without costs, and application for enforcement granted. Memorandum: This proceeding was transferred pursuant to CPLR 7803 (subd 4), by order of the Supreme Court, Genesee County, to review a determination of respondent New York State Public Employment Relations Board (PERB), dated February

25, 1983, which found that petitioner, Elba Central School District (School District), had refused to reappoint Joanne Ryan, a remedial mathematics teacher, because she and her union had grieved her terms and conditions of employment and her status in the bargaining unit. ¶ Joanne Ryan was a remedial math teacher who had previously been employed by the School District as a substitute teacher and part-time remedial teacher. In the 1978-1979 and 1980-1981 school years, she was appointed a full time remedial math teacher under a Federally funded program. In September, 1980, upon learning that she was not covered for Blue Cross/Blue Shield benefits, she approached the Superintendent and indicated to him that she thought she should receive medical benefits as a certified teacher under the collective bargaining agreement. He allegedly "exploded" at this suggestion and threatened to do away with her teaching position. She then went to the union and the faculty association filed a grievance on behalf of her and another teacher, claiming that they were entitled under the title I program to benefits afforded other certified teachers under the bargaining agreement. After nonbinding arbitration, the arbitrator issued an advisory opinion that the remedial teaching positions funded under title I were not within the contemplation of the parties as positions covered by the collective bargaining agreement. Thereafter, Ms. Ryan was not approached to teach remedial math in the 1981-1982 school year, although a position was open. Ms. Ryan then filed charges with PERB alleging that the School District's failure to reappoint her was because she had grieved the terms and conditions of her employment. She claimed a violation of her rights under the Taylor Act (Civil Service Law, art 14). After a hearing, it was determined Ms. Ryan's activities seeking status and rights under the collective bargaining agreement were protected activities pursuant to section 209-a (subd 1, pars [a], [c]) of the Civil Service Law (commonly known as the Taylor Law) and that the School District's failure to reappoint her was a result of her participation in protected activities. In furtherance of its decision, PERB ordered the School District to (1) compensate Ms. Ryan for lost wages and benefits for the 1981-1982 school year; (2) reinstate her for the 1982-1983 school year; (3) cease and desist from such improper practices; and (4) post a specified notice announcing PERB's decision. The School District petitioned for review of the PERB decision and PERB counterclaimed seeking confirmation and enforcement of its order. ¶ PERB's factual determination that the School District's failure to reappoint Ms. Ryan was a result of her protected activities seeking the status and benefits of a certified teacher covered under the collective bargaining agreement is supported by substantial evidence. The right to assert representation by a bargaining unit and status under the unit's collective bargaining agreement is integral to an employee's ability to enforce her rights. PERB had no realistic alternative to secure enforcement of the Taylor Law provisions except by ordering reinstatement and reimbursement of lost wages (see *Matter of City of Albany v Public Employment Relations Bd.,* 57 AD2d 374, affd 43 NY2d 954). The scope of our review of PERB's interpretation of the Civil Service Law is a limited one (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398). Unless the Board's determination was "affected by an error of law" or was "arbitrary and capricious or an abuse of discretion", we will not interfere (CPLR 7803, subd 3; *Matter of Village of Fairport v Newman,* 90 AD2d 293). For, "[s]o long as PERB's interpretation is legally permissible and so long as there is no breach of constitutional rights and protections, the courts have no power to substitute another interpretation" (*Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 50). Remedies for improper employer and employee organization practices are peculiarly within the administrative competence of PERB (cf. *Matter of City of Albany v Helsby,* 29 NY2d 433). Since

PERB's determinations were neither irrational, unreasonable nor otherwise affected by an error of law, those determinations should not be disturbed (*Matter of County of Onondaga v New York State Public Employment Relations Bd.,* 77 AD2d 783). ¶ Finally, we conclude that PERB's counterclaim for enforcement of its remedial order is proper (see Civil Service Law, § 213, subd [a]; *Matter of City of Poughkeepsie v Newman,* 95 AD2d 101, 105, app dsmd 60 NY2d 859). (Article 78 proceeding transferred by order of Supreme Court, Genesee County, Morton, J.) Present — Dillon, P. J., Hancock, Jr., Callahan, O'Donnell and Moule, JJ.