■ In the Matter of EDWARD DELANEY, Appellant, v EDWARD V. REGAN, as State Comptroller and Head of the New York State Policemen's and Firemen's Retirement System, Respondent. (Proceeding No. 1.) In the Matter of WILLIAM HENNESSEY, Appellant, v EDWARD V. REGAN, as State Comptroller and Head of the New York State Policemen's and Firemen's Retirement System, Respondent. (Proceeding No. 2.) —Mercure, J. Appeals from two judgments of the Supreme Court (Prior, Jr., J., and Connor, J.), entered December 18, 1990 and June 17, 1991 in Albany County, which dismissed petitioners' applications, in proceedings pursuant to CPLR article 78, to review respondent's determinations denying petitioners' applications for accidental disability retirement benefits.

Petitioners were employed by the Long Island State Park and Recreation Commission as Traffic and Park Police Officers. Petitioner William Hennessey commenced such employment on August 1, 1968 and petitioner Edward Delaney became similarly employed on June 22, 1969. By virtue of their employment, petitioners became members of the State Policemen's and Firemen's Retirement System and, therefore, eligible for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363 in the event they became permanently incapacitated as a result of an accident occurring during the performance of their duties. In accordance with the Laws of 1979 (ch 276), the functions and powers of the State Office of Parks and Recreation, in relation to providing police protection on certain parkways, were transferred to the Division of State Police, effective January 1,

1980. Petitioners each voluntarily transferred to the Division of State Police and thereafter served as State Troopers. Subsequently, petitioners allegedly suffered from work-related injuries and filed applications for disability retirement pursuant to Retirement and Social Security Law § 363. Petitioners' respective applications for accidental disability retirement were denied on the ground that they were covered under Retirement and Social Security Law § 363-b. Petitioners then commenced separate CPLR article 78 proceedings. Both petitions were dismissed by Supreme Court, prompting these appeals, which were joined for our determination.

Initially, petitioners contend that their eligibility for benefits under Retirement and Social Security Law § 363 became fixed as of the respective dates of their initial employment with the Long Island State Park and Recreation Commission and, accordingly, the application of section 363-b to them impairs their right to benefits in violation of NY Constitution, article V, § 7. We disagree. Retirement benefits are not carved in stone. The purpose of the constitutional provision is "to insure that pension and retirement benefits [are not] subject to the whim of the Legislature or the caprice of the employer" *(Matter of Village of Fairport v Newman,* 90 AD2d 293, 295, *lv denied* 58 NY2d 1112). There is no constitutional violation unless the contractual benefits are unilaterally diminished *(supra,* at 295-296; *see, Rosen v New York City Teachers' Retirement Bd.,* 282 App Div 216, 218, *affd* 306 NY 625).

Here, there was no unilateral legislative reduction of petitioners' retirement benefits. Not only were petitioners' respective transfers to the Division of State Police voluntary, but petitioners received a salary increase and lump-sum payment (L 1979, ch 276, § 13), were allowed to carry over accrued leave and sick time (L 1979, ch 276, § 2) and were given "full credit" in the State Police Retirement System for service performed while employed as Traffic and Park Police Officers (L 1979, ch 276, § 11). We agree with Supreme Court in proceeding No. 1 that "the Legislature intended Chapter 276 of the Laws of 1979 to entail a total transfer of employment rights and benefits, not a piecemeal transfer where a transferee could pick and choose which rights and benefits he or she wanted transferred". Accordingly, petitioners waived any rights they had to receive Retirement and Social Security Law § 363 benefits by voluntarily transferring to the Division of State Police *(see, Matter of Ellenbogen v Levitt,* 61 AD2d 559). By accepting the financial benefits of their transfer, petitioners also accepted the State Police retirement plan, including

the State Police disability retirement allowance under section 363-b.

Next, petitioners contend that Retirement and Social Security Law § 363-b is superseded by Laws of 1979 (ch 276, §§ 11, 15), and that the full credit provision contained therein must be read to mean that they are still entitled to file for accidental disability retirement under section 363. Again, we disagree. Review of the relevant "full credit" provision (L 1979, ch 276, § 11) reveals that its only purpose was to give petitioners credit as State Troopers for the number of years they served as Traffic and Park Police Officers. Nor do petitioners qualify for section 363 benefits under the exception to section 363-b which provides that State Troopers last entering service in the Division of State Police prior to April 1, 1971 may apply for benefits under section 363. The exception plainly states that the affected members must be *in the Division* at the relevant time (Retirement and Social Security Law § 363-b [a]).

As a final matter, it is well settled that the construction given statutes by the agency responsible for their administration, if, as here, not irrational or unreasonable, should be upheld *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgments are affirmed, without costs.