*870 OPINION OF THE COURT
Anthony T. Kane, J.
This is a proceeding pursuant to CPLR article 78 for an order requiring the New York State Public Employment Relations Board (PERB) to reinstate the order of the Assistant Director of Public Employment Practices and Representation (AD), or in the alternative, for an order remanding the matter to PERB for further proceedings consistent with the court’s ruling.
The undisputed facts are that after a hearing pursuant to Civil Service Law § 75, the Croton-Harmon Union Free School District (District) discharged three employees (two union officers and a member of the bargaining unit) who had falsified their time records and been paid for overtime which they didn’t work. The AD determined that the investigation which lead to the misconduct charges against the three men was in violation of Public Employees’ Fair Employment Act (Civil Service Law § 209-a [1] [a], [c] [Taylor Law]) in that it was improperly motivated by the fact that the two union officers were engaged in protected union activities. The AD concluded that the appropriate remedy was to offer the employees reinstatement with back pay, benefits and interest thereon; that the personnel records of the employees be expunged of all reference to the disciplinary charges; that the District cease investigating taking disciplinary action against the union members based on their protected union activities; and that a notice be posted for 30 days within the District advising employees of the violation and the remedy.
By decision dated December 10, 1998, PERB affirmed the finding of the violation of the Taylor Law, but vacated those portions of the remedy which offered reinstatement to the union members with “make whole” relief, expungement of the incident from their personnel files and the cease and desist order. The Board retained the direction to the District to post a notice of the finding of the violation. The basis of this decision was the conclusion by PERB that the employees lost their jobs, not because of the protected exercise of union activities, but because of their intentional stealing from their employers by inaccurately charging for overtime which they did not work. Further, PERB found that although the initial investigation was improper, the decision to bring charges against the employees was not motivated by antiunion animus, but by a good-faith business concern by the employer that it be able to trust *871 its employees on the job. Under these circumstances, PERB determined that appropriate remedial action consisted solely of posting the violation.
The issue before this court is whether or not the remedy directed by PERB is arbitrary and capricious and contrary to law.[1]
The scope of court review of PERB’s interpretation of the Civil Service Law is limited to the issue of whether or not it was affected by an error in law or was arbitrary and capricious. (Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., 48 NY2d 398, 404-405; Matter of Elba Cent. School Dist. v Newman, 101 AD2d 1003, 1004; CPLR 7803 [3].) The standard of review is whether there is a rational basis for the action; the arbitrary and capricious test relates to whether an action should have been taken, is justified and whether there is a factual foundation for the action. (Matter of Pell v Board of Educ., 34 NY2d 222, 231.) The court may not substitute its judgment for that of PERB so long as PERB’s is legally permissible and does not infringe on constitutional rights and protections. (Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d 46, 50; Matter of Civil Serv. Empls. Assn. v Newman, 61 NY2d 1001, 1004.)
The purpose of the Taylor Law is “to promote harmonious and cooperative relationships between government and its employees and to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government.” (Civil Service Law § 200.) Remedies for improper employer practices are peculiarly within the administrative competence of PERB. (Matter of City of Albany v Helsby, 29 NY2d 433; Matter of Elba Cent. School Dist. v Newman, supra, at 1004; Civil Service Law § 205 [5] [d].) PERB is authorized to take such affirmative action as will effectuate the policies of the Taylor Law, which may include, but does not mandate, “make whole” relief. (Civil Service Law § 205 [5] [d].)
After reviewing the record and law herein, the court finds that it was not arbitrary and capricious to conclude that the wrongful conduct engaged in by the employees was sufficient to reasonably support the denial of reinstatement to their jobs *872 with back pay and benefits. The purpose of remedial orders is to make the parties whole for the wrong committed by the employer by placing them as nearly as possible in the position they were in prior to the commission of the wrong. (Matter of Civil Serv. Empls. Assn. [Burnt Hills-Ballston Lake CSD Unit], 25 PERB ¶ 3066.) Although “make whole” relief to the wronged individual is often the most efficacious way to redress improper practices, it was not found to be the appropriate remedy in Burnt Hills-Ballston Lake (supra) where the violation committed ran “not to the employee’s personal statutory rights, but to the union’s right, as representative of the collective unit’s interests, to bargain regarding the loss or retention of exclusive unit work.” In this case there is a sound factual foundation, undisputed by the petitioner, that the employees falsified their time records. It was reasonable for PERB to find that where the employees’ personal conduct was intentional and egregious, personal relief is inappropriate and unnecessary to accomplish the Taylor Law’s goals of protecting the collective rights of the union and insuring the orderly functions of government.
The determination is also consistent with past determinations and case law which effectuated the goals of the Taylor Law and at the same time did not penalize the employer for protecting legitimate business concerns in which the public has a strong interest. (Matter of Gibbons v City of Olean, 2 PERB ¶ 3069 [although the Board found that the employee’s termination was improperly motivated, - it upheld the employee’s termination based on falsification of employment application]; Matter of Civil Serv. Empls. Assn. [Burnt Hills-Ballston Lake CSD Unit], supra [the Board affirmed a remedy which restored improperly transferred duties to the bargaining unit, but did not require reinstatement of the employee who lost her job due to the improper transfer]; Matter of County of Nassau v State of N. Y. Pub. Empl. Relations Bd., 103 AD2d 274 [although change in shifts was in response to union action, the Board found the changes to be properly motivated by legitimate budgetary concerns]; see also, National Labor Relations Bd. v Magnusen, 523 F2d 643 [policies of National Labor Relations Board not effectuated by reinstatement of improperly discharged employee who had padded time record]; National Labor Relations Bd. v Commonwealth Foods, 506 F2d 1065 [remanded to Board to determine whether or not improperly discharged employees stole from store so that issue of reinstatement could be resolved]; National Labor Relations Bd. v Big Three Welding Equip. Co., 359 F2d 77 [employees who stole material and *873 equipment not reinstated in spite of antiunion animus activity of company]; McKennon v Nashville Banner Publ. Co., 513 US 353 [employee was entitled to back pay only from the time of her wrongful discharge to the time that her employer discovered that she had intentionally engaged in serious wrongdoing on the job, which constituted legitimate grounds for her termination].) Binghamton Civil Serv. Forum v City of Binghamton (44 NY2d 23) is distinguished from this case in that the Binghamton Court, refusing to substitute its judgment for that of the arbitrator, found that it was not irrational to reinstate (with a six-month suspension without pay) an employee who had taken bribes since reinstatement was not statutorily barred nor violative of public policy. (Supra, at 29-30.) The Binghamton case effectively emphasizes the discretionary application of remedies.
The requirement of posting a notice is an acceptable remedy which dispels the coercive effect of improper employer actions. (Matter of City of Albany v Helsby, supra, at 438-439.) The sole remedy directed by PERB of posting the finding of the violation in a place ordinarily used to communicate with unit employees fulfills the function of notifying the employees that the improper practice has been addressed and the rights of union members protected, and at the same time refuses to shield the three miscreant employees from the legitimate consequences of their own personal (i.e., non-union-related) conduct.[2]
The petition is dismissed.

. Although paragraph 13 of the petition lists “substantial evidence” as a ground for relief, there is no supporting argument for such grounds nor was the issue raised on oral argument; consequently, the petition has not been transferred to the Appellate Division pursuant to CPLR 7804 (g). (Matter of Save the Pine Bush v Planning Bd., 83 AD2d 741, on remand 96 AD2d 986, appeal dismissed 61 NY2d 668, lv denied 61 NY2d 602.)

. A cease and desist order is best directed to the specific conduct found to violate the Taylor Law (Matter of Civil Serv. Empls. Assn. [County of Orleans], 25 PERB ¶ 3010) and is, thus, dependent upon the continued employment of the employees. As the employees have not been offered reinstatement, this portion of the remedy is moot.