*259 OPINION OF THE COURT
Leonard A. Weiss, J.
This CPLR article 78 proceeding presents this court with a single legal issue which can be stated as follows: Does section 89-a of the Retirement and Social Security Law give the Comptroller of New York State acting through the Director of Retirement Benefits for the New York State Employees’ Retirement System legal authority to require a county Sheriff to force the retirement of Deputy Sheriffs pursuant to subdivision (g) of section 89-a of the Retirement and Social Security Law upon the Deputy Sheriffs completing 25 years of total creditable service and reaching the age of 50 when the Deputy Sheriffs effected have filed no application for retirement and desire to continue working in their positions as Deputy Sheriffs?
This CPLR article 78 proceeding was brought on by order to show cause signed by Mr. Justice Richard Aronson on April 25, 1980. Justice Aronson’s order dated April 25, 1980 is based on a verified petition dated April 24, 1980 in which the petitioners are Deputy Sheriff’s Benevolent Association of Onondaga County, Inc. (herein DSBA; the collective negotiating representative for all Onondaga County Deputy Sheriffs except those holding the rank of Deputy Sheriff-Captain or a higher rank), Aldo Mevoli, a Deputy Sheriff-Lieutenant in the Onondaga County Sheriff’s Department Criminal Division who was born on August 27, 1925 and is 54 years of age, Blanchard C. Crysler, a Deputy Sheriff-Captain in the Onondaga County Sheriff’s Department Criminal Division who was born on August 11, 1920 and is 59 years of age and Albert A. Nicoletti, who is also a Deputy Sheriff-Captain in the Onondaga County Sheriff’s Department Criminal Division who was born on November 6, 1924 and is 55 years of age. The petition seeks to enjoin respondents Edward V. Regan, Comptroller of New York State, John McManaman, New York State Employees’ Retirement System Director of Retirement Benefits, and John C. Dillon, Onondaga County Sheriff and the County of Onondaga, from (1) requiring petitioners to retire or make any application for retirement before they reach 65 years of age; (2) restraining respondents from removing peti *260 tioners from the Onondaga County Sheriff’s Department payroll except in accordance with section 75 of the Civil Service Law; (3) affirmatively directing respondents to make petitioners whole for any loss of accrued time off that they were compelled to use because of respondents’ directive that petitioners retire; or (4) alternatively directing respondents to allow petitioners the option to withdraw from the section 89-a plan and be retired pursuant to the Retirement and Social Security Law at the time they chose to retire.
This CPLR article 78 proceeding arises from events which began when petitioners Crysler, Nicoletti, and Mevoli received a letter dated April 4, 1980 from respondent John McManaman, New York State Employees’ Retirement System Director of Benefits, which said:
“Section 89-a of the Retirement and Social Security Law states that a Deputy Sheriff covered by that Section shall retire once they have completed 25 years of service and reach 50 years of age. It has been brought to our attention that you have over 25 years of service and are over age 50. It is, therefore, necessary that you be retired immediately.
“We are writing to the Onondaga County Sheriff’s Department and requesting that you be removed from their payroll as quickly as possible, but no later than 30 days from the date of this letter.
“We will be advising you of the amounts payable under the various retirement options. In the meantime, you should complete and return the enclosed retirement application. You should not fill in the retirement date portion of the form.”
Subsequently, the three individual petitioners received a letter dated April 8, 1980 from Onondaga County Sheriff John C. Dillon stating that they would be retired from service on May 2, 1980. Sheriff Dillon’s letter dated April 8, 1980 also informed the three petitioners that they would have to use any accrued time (holiday time, compensation time, or personal days) before May 2, 1980 or forfeit such time.
Petitioners Crysler, Nicoletti and Mevoli do not wish to retire from their positions as Deputy Sheriffs in the Onon *261 daga County Sheriff’s Department and initiated this CPLR article 78 proceeding to prevent the respondents from requiring their retirement. Respondents Regan and McManaman urge that they acted within the statutory authority given them by subdivision (g) of section 89-a of the Retirement and Social Security Law in attempting to require the petitioners to retire and directing the Onondaga County Sheriff to remove said petitioners from his department’s payroll. The County of Onondaga and its Sheriff agree with the interpretation of section 89-a of the Retirement and Social Security Law given by respondents Regan and Mc-Manaman which would require the mandatory retirement of the petitioners but, urge that the County of Onondaga and its Sheriff only acted as directed by respondents Regan and McManaman in causing the retirement of the three individual Sheriff’s Department employees.
Before reaching the substance of petitioners’ allegations, CPLR 7804 (subd [f]) requires a ruling on respondents Regan and McManaman’s motion to dismiss based on the alleged failure of petitioners to exhaust their administrative remedies under subdivision d of section 74 of the Retirement and Social Security Law. Respondents Regan and McManaman urge that petitioners have failed to request the administrative hearing provided for in subdivision d of section 74 of the Retirement and Social Security Law and have therefore failed to exhaust their administrative remedies before commencing this CPLR article 78 proceeding which failure requires this court to dismiss their petition.
Section 74 of the Retirement and Social Security Law sets forth the procedure for retirement and subdivision b of said section says: “The comptroller shall have exclusive authority to determine all applications for any form of retirement or benefits provided in this article.” From the above-quoted statutory language, it is clear that the Comptroller has authority to conduct a hearing under section 74 of the Retirement and Social Security Law only where an employee makes an application for retirement. Petitioners in this proceeding have clearly filed no application for retirement and are legally resisting the efforts by the Comptroller to have them retire under section 89-a of *262 the Retirement and Social Security Law. In these circumstances, the effected employees are not required to request a hearing because they have made no application which appears to be a procedural prerequisite to the hearing procedure provided for in subdivision d of section 74 of the Retirement and Social Security Law. Accordingly, respondents Regan and McManaman’s objection in point of law based upon petitioners’ alleged failure to exhaust their administrative remedies must be denied.
This court now turns to the central issue confronting it which depends entirely on the correct interpretation of subdivision (g) of section 89-a of the Retirement and Social Security Law (Optional retirement of sheriffs, under-sheriffs and regular deputy sheriffs) which says: “A member, excepting a sheriff, contributing on the basis of this section at the time of retirement, shall retire either (a) after the completion of twenty-five years of total creditable service, provided he has reached age fifty, or (b) upon the attainment of age sixty-five. Application therefor may be filed in a manner similar to that provided in section seventy of this article.” Respondents Regan and McManaman suggests that the above-quoted language makes it mandatory for any county Deputy Sheriff’s employee who has selected the retirement plan in section 89-a of the Retirement and Social Security Law to retire or be retired once they have satisfied the minimal requirements set forth in section 89-a. This court cannot agree with respondents’ interpretation. If the Legislature intended that an employee who elected the section 89-a retirement plan to have no choice as to his date of retirement, it would have been more explicit in directing that the employee shall be retired immediately upon satisfying the requirements set forth in that section. This becomes clear upon reading the following language in subdivision b of section 70 of the Retirement and Social Security Law: “Any member who attains age seventy shall be retired on the first day of the calendar month next succeeding such event.” When the language in subdivision (g) of section 89-a of the Retirement and Social Security Law is compared to the language in subdivision b of section 70, it is clear that the Legislature did *263 not intend to set a minimum, mandatory retirement age of 50 in subdivision (g) of section 89-a. This interpretation is further supported by the direction in subdivision (g) of section 89-a which gives the effected employee the opportunity to make application for retirement in a manner similar to that provided for any other voluntary retirement in section 70 of the statute: It appears clear that employees falling under section 89-a of the Retirement and Social Security Law have a choice to retire either upon completing 25 years of creditable service once they have reached at least 50 years of age or to retire at any time after they have satisfied those requirements but in no event may they work after they have retained the age of 65.
In passing, the court observes that the interpretation permitting the effected employee the option as to when he may retire under section 89-a of the Retirement and Social Security Law is consistent with the general public policy encouraging productive older employees to continue to work, thereby permitting society to benefit from their experience (see, e.g., Executive Law, § 296, subd 3-a). Accordingly, this court finds that the respondents, by attempting to force the retirement of" the petitioners have acted, based on an error of law and directs, pursuant to CPLR 7803 (subd 3), that the relief sought in the petition be granted.