■ In the Matter of DEPUTY SHERIFF'S BENEVOLENT ASSOCIATION OF ONONDAGA COUNTY, INC., et al., Respondents, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Appellants, and JOHN C. DILLON, as Sheriff of the County of Onondaga, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Weiss, J.), entered September 12, 1980 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Employees' Retirement System requiring the immediate retirement of petitioners Crysler, Nicoletti and Mevoli. Petitioners Blanchard Crysler, Albert Nicoletti and Aldo Mevoli are Deputy Sheriffs employed by the Onondaga County Sheriff's Department. Each petitioner is between the ages of 50 and 65

years of age and each has completed at least 25 years of creditable service for purposes of retirement. In 1967 each petitioner elected to participate in the optional retirement plan provided for in section 89-a of the Retirement and Social Security Law (as renum by L 1968, ch 1059) which declares that a Deputy Sheriff contributing on the basis of this section: "shall retire either (a) after the completion of twenty-five years of total creditable service, provided he has reached age fifty, or (b) upon the attainment of age sixty-five" (Retirement and Social Security Law, § 89-a, subd [g]). At the time of enrollment in this retirment plan, each petitioner was under the impression that the time of retirement was an option, to be exercised within the sole discretion of each Deputy Sheriff. Pursuant to a recent interpretation of section 89-a of the Retirement and Social Security Law, petitioners received a letter, dated April 4, 1980 from the director of retirement benefits for the retirement system, informing them that since each of them had completed 25 years of service and were over 50 years of age, they would be required to retire immediately. Each petitioner also received a letter from the Sheriff of Onondaga County, informing them that they would be retired from service effective May 2, 1980. This proceeding to obtain a ruling that the law in question does not permit the forced retirement of a Deputy Sheriff less than 65 years of age, regardless of his length of service, ensued. Special Term, in granting petitioners' application, held that petitioners have a choice under the section in controversy and can retire upon completing 25 years of service once they have reached age 50, or they can continue working and retire at any time thereafter until reaching the age of 65. Appellants contend that Special Term improperly construed the meaning and intent of section 89-a of the Retirement and Social Security Law. There should be an affirmance. Pursuant to the language of section 89-a of the Retirement and Social Security Law, a Deputy Sheriff has a choice of two alternative option plans, but, in any event, cannot be compelled to retire prior to the attainment of age 65. The interpretation placed upon the statute by the Comptroller is inconsistent with the plain meaning of the statutory language. The language of the subject section clearly indicates that early retirement before age 65 is an option open only to those who have in fact completed 25 years of service, but that after completion of their 25 years of service, such employees can, if they desire, continue working until the age of 65, at which time all employees must retire. The use of the wording "shall retire *either* (a) * * * *or* (b)" (emphasis added) definitely points to a choice. A Deputy Sheriff can choose to retire at *either* time, in his discretion. The statute simply sets a prerequisite to eligibility for early retirement, it does not require it. Appellants contend that the fact that the words "shall retire" were inserted in the statute rules out the interpretation that the Legislature meant to provide a choice. This contention is rejected. If the words "may retire" were used, the statute would be open to the interpretation that a Deputy Sheriff need not retire at age 65 and could continue working past that age. We have considered the other arguments raised by appellants on this appeal and find them to be without merit. Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.