*728 OPINION OF THE COURT
Harold J. Hughes, J.
Petitioners, “nonworking firefighters” who have been out of work for extended periods while receiving their salaries pursuant to General Municipal Law § 207-a, challenge respondent City of Cohoes’ (Cohoes) order that they return to “light-duty work” pursuant to General Municipal Law § 207-a (3). Although all petitioners were examined by a physician and found fit to return to “full work” or “light-duty work”, and individual petitioners admit spending their time golfing “15 or 16 holes”, driving to and from Florida, cooking, ironing, cleaning laundry and performing outside maintenance on their homes, they maintain that they are physically unable to clean the fire station, drive trucks to the garage, drive cars to run errands, inspect buildings for fire hazards, walk door to door gathering information, or close the firehouse bay doors when necessary. Petitioners contend in this proceeding that they are entitled to a due process hearing prior to their return to “light-duty work”. Although petitioners claim that Matter of Curley v Dilworth (96 AD2d 903, 904) requires a prereturn hearing, it does not and this appears to be a case of first impression. Matter of Curley (supra) is inapposite because Cohoes did not attempt to force petitioners to use all of their sick time leave credit prior to considering applications for General Municipal Law “line-of-duty benefits”.
General Municipal Law § 207-a was enacted for the benefit of firefighting personnel injured in the line of duty and, therefore, should be construed liberally in their favor (Matter of Leone v Oneonta County Sheriffs Dept., 166 AD2d 74, 76). While the statute’s over-all purpose is to protect firefighters, it does not guarantee them the right to refuse to perform tasks within their diminished abilities. General Municipal Law § 207-a (3) sets forth the means for employers to obtain the services which the firefighters are physically capable of performing and evinces the legislative goal of promoting employees’ return to “limited-duty work” or eliminating the employers’ obligation to continue paying those who refuse.
There is no question that until the employer’s health authorities conclude that an employee is fit to perform specified light work and the order to return is given, the employee is entitled by General Municipal Law § 207-a (3) to full salary without any reduction in leave benefits. After the order to return to duty is given, the presumption is that the employee is fit to perform the specified work unless the employee objects and bears the burden of establishing the contrary.
*729 General Municipal Law § 207-a (3) imposes no hearing requirement on employers. However, in implementing the statute, courts have grafted due process requirements onto the statute. Consequently, it is now well established that employees who object to being returned to “light duty” are entitled to a due process hearing and a determination by the employer (Bett v City of Lackawanna, 76 NY2d 900, 901). Petitioners now urge the court to splice on an entitlement to a due process hearing sometime before they are directed to return to work. Petitioners have failed to reveal exactly when they believe a due process hearing is required.
The court finds no basis for imposing a general obligation to hold hearings prior to issuance of orders to return to light duty. So long as the employer has complied with General Municipal Law § 207-a (3) by obtaining a medical opinion of fitness, it has a basis for issuing the return order. It would be pointless to require hearings unless employees object to doing “light-duty work”. For the same reason, the court rejects obligating employers to hold hearings prior to the original date of the ordered return. Such a requirement would delay employees’ return to work by requiring employers in every case to leave sufficient time before the return date for employees to object, obtain evidence and present it at a hearing and for the employer to render a determination. Furthermore, such a requirement would restrict employees’ due process rights by foreshortening their time for gathering evidence and presenting evidence.
The court also finds no due process requirement that employers automatically adjourn the return date until after the hearing and determination. Assuming arguendo that petitioners are as incapacitated as they claim, they are not actually being forced to perform work and they misrepresent the facts to the extent that they claim otherwise. Although their return to work date lapsed long ago, petitioners have exercised their right to refuse to return to work pending an administrative determination of their objections to performing “light-duty work”. They are still receiving their salary because respondent continues to pay them their salaries and only charges their absence against their available leave credits. If petitioners’ claims of complete incapacity have merit, there is no harm to petitioners, as their leave credits will be restored to them. If petitioners fail to proceed to the General Municipal Law § 207-a (3) hearing or it is determined that petitioners are able to perform “light-duty work”, they have no reasonable *730 basis for complaining about leave credits lost while they vainly pursued administrative remedies.
On closer inspection, it becomes clear that petitioners’ demand for a “pre-return hearing” is in fact a demand that their leave credits be held inviolate until, after maximum delay, they are satisfied with Cohoes’ announcement of their “light duties”, handling of the entire hearing process, and determination requiring them to commence “light-duty work”. There is significant benefit for petitioners in this: petitioners who are later unsuccessful in challenging the order to return would lose no leave credits because respondent could not recoup leave credits for the time petitioners spent challenging the order to return. Were the court to grant the relief sought by petitioners, they would have no incentive to proceed to the due process hearing because it could in no way enhance their position and employers would have no recourse against employees who unnecessarily dragged their hearings process out.
Thus, this proceeding is reduced to deciding whether petitioners ought to be charged leave credits during the period after they were ordered to return to “light-duty work” until such time as an unfavorable determination is rendered. Petitioners do not acknowledge, much less attempt to support their claim that they or other civil servants are generally entitled to refuse to work, continue to receive their salary and not lose any leave credits.
Accordingly, the court finds that pending an administrative determination of petitioners’ capacity to return to “light-duty work”, respondent has acted appropriately by conditionally charging the days that petitioners stay away from their “light-duty work” assignments against petitioners’ leave benefits and petitioners are not entitled to the due process hearing prior to the date they are ordered to return to work. Although respondent has requested that the court order that a hearing be held, there is no need for the court to do so. Petitioners do not seek to avoid a hearing, respondent does not refuse to hold one and employers have the inherent authority to conduct an administrative hearing once an employee objects to the order to return to “light-duty work” (Legg v Fitzmaurice, 112 Misc 2d 283, 286-287).
Petitioners have also filed a labor grievance challenging the employment terms stated in the order and seek a preliminary injunction staying enforcement of respondent’s order pending both resolution of their General Municipal Law § 207-a challenge in this proceeding and the arbitration decision on their *731 labor grievance. In order to prevail on a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, that (1) the movant will likely succeed on the merits of the action; (2) the movant will suffer irreparable injury absent the issuance of a preliminary injunction; and (3) the balance of equities is in favor of the movant (see, CPLR 6301; Price Paper & Twine Co. v Miller, 182 AD2d 748; Grant Co. v Srogi, 52 NY2d 496). Having resolved petitioners’ General Municipal Law § 207-a claim against petitioners, their request for injunctive relief depends on analyzing whether they are entitled to stay enforcement of said order pending determination of their labor grievance.
In explaining their labor grievance, petitioners contradict their claim that they are too disabled to perform any work, by claiming that they, like their able-bodied colleagues, are entitled (and presumably fit enough) to work for 24 hours straight rather than mere eight-hour shifts. The argument is not only absurd, but General Municipal Law § 207-a (3) does not give employees on “light duty” the right to increase or select their hours of employment. By their statement that the light duty to which they would be subjected is demeaning “make work” that the able-bodied firefighters and civilian employees now perform and that they will never be able to use information that is presented in assigned courses, petitioners demonstrate that their unwillingness to perform light duty is not related to their physical condition. Petitioners may not decline “light duty” assignments based simply on their being performed by “able-bodied” firefighters, or of no particular use in petitioners’ opinion. General Municipal Law § 207-a (3) only requires that duties be “consistent with [their] status as [firefighters]”, not that they be identical to, as desirable or more desirable than the duties assigned to able-bodied firefighters. The court finds that petitioners have failed to establish a likelihood of success on their grievance. The claims they raise also bode ill for petitioners in their General Municipal Law § 207-a (3) hearing. The second prong of the test for issuing a preliminary injunction is whether the movant will suffer irreparable injury absent issuance of an injunction. Petitioners have failed to demonstrate that they cannot be adequately compensated by money damages in the event that they succeed on their grievance. The third prong of the test is whether the balance of the equities is in the movant’s favor. The court concludes that petitioners have failed to demonstrate their equitable superiority to the respondent.
*732 Having failed to meet their burden of demonstrating that respondent acted improperly in ordering petitioners to return to “light-duty work” or entitlement to injunctive relief, the court dismisses petitioners’ proceeding with $100 costs.