■ In the Matter of ROBERT KINGSTON, Petitioner, v WILLIAM A. GORMAN, PH.D., as Commissioner of New York State Office of Alcoholism and Substance Abuse Services, Respondent. [794 NYS2d 244]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Evelyn Frazee, J.], entered October 19, 2004) to review a determination of respondent. The determination, after a hearing, revoked petitioner's alcoholism and substance abuse counselor credentials.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination upholding the revocation of his credentials as a credentialed alcoholism and substance abuse counselor (CASAC) for engaging in unprofessional conduct with a patient. Petitioner was the director of an inpatient rehabilitation program. Contrary to the contention of petitioner, "the burden of proof [at the hearing] shall be on the party who initiated the proceeding" (State Administrative Procedure Act § 306 [1]; *see also* 14 NYCRR 831.4 [b]; *Matter of Mayflower Nursing Home v Office of Health Sys. Mgt. of Dept. of Health of State of N.Y.*, 59 NY2d 935, 938 [1983]). Thus, the burden of proof at the hearing herein was on petitioner to establish that the decision of the appeals board upholding the decision of the CASAC Credentials Board (Credentials Board) to revoke petitioner's credentials was in violation of the regulations of the New York State Office of Alcoholism and Substance Abuse Services (OASAS).

Petitioner further contends that the disciplinary proceeding violated his due process rights because he was not advised of the allegations against him in a timely manner. Although petitioner contends that he did not receive the specifics of the complaint until September 29, 2003, after OASAS recommended that his credentials be revoked, the record establishes that his attorney was informed of the specifics of the complaint on August 26, 2003. The record further establishes that, on August

29, 2003, petitioner's attorney contacted the credentialing unit manager to advise that petitioner would not submit any further response and would await the recommendation of the Credentials Board. By letter dated September 29, 2003, petitioner was notified of the recommendation to revoke his credentials. Consequently, the record establishes that petitioner received adequate notice of the complaint against him prior to the recommendation of the Credentials Board to revoke his credentials (*see* 14 NYCRR 853.20 [c] [2] [i]). In addition, petitioner contends that the hearing was flawed because no one from the treatment center was questioned regarding the patient at issue or his treatment of her. That contention also lacks merit, inasmuch as petitioner was entitled to call any such persons to testify at the hearing but chose not to, apparently for tactical reasons (*see* 14 NYCRR 831.3 [d]; *Matter of Gray v Adduci*, 73 NY2d 741, 743 [1988]).

Finally, contrary to the contention of petitioner, the determination is supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). OASAS presented evidence that petitioner inappropriately hugged the patient, telephoned her numerous times, and took her out on a dinner date while pressuring her to enter into a romantic relationship with him (*see* 14 NYCRR 853.17 [d] [10]). The testimony of petitioner that he did not engage in that conduct "raised an issue of credibility that respondent was entitled to resolve against petitioner" (*Matter of Sylvia v Novello*, 309 AD2d 1190, 1191 [2003]). We have examined petitioner's remaining contention and assuming, arguendo, that it is properly before us, we conclude that it is lacking in merit. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.