OPINION OF THE COURT
Gerald W. Connolly, J.
The instant CPLR article 78 proceeding challenges respondents’ letter determination dated August 19, 2008 which terminated petitioner’s pension benefits and his membership in the New York State and Local Employees’ Retirement System. It further required petitioner to return six years of benefits amounting to $605,874.79 within 30 days. Petitioner had maintained part-time “employment” with various public agencies, including three school districts, the County of Nassau, the Town of Hempstead and the Village of Valley Stream, while also *1093 maintaining a private law practice. For decades, the Comptroller’s predecessors and the retirement system accepted petitioner’s employers’ representations that he was an employee and not an independent contractor. Indeed, all three school district positions and the position with the County of Nassau were formally created and approved by the Nassau County Civil Service Commission. On two different occasions petitioner’s applications to respondents’ predecessors for retroactive service credit were granted, with his tier status changing first from tier 3 to tier 2, and then from tier 2 to tier 1. He was also formally allowed to purchase additional service credit by changing his school district employment from a 10-month basis to a 12-month basis. Based upon the change in tier status, he received reimbursement of his retirement system contributions. In addition, the retirement system conducted an investigation into the issue of whether petitioner was an employee or an independent contractor with respect to his position with Nassau County and determined that he was an employee entitled to service credit. Petitioner thereafter retired and began receiving benefits in 2000.
By letter dated April 23, 2008, respondents suspended petitioner’s pension payments. The letter stated that the determination was based upon a preliminary review of respondents’ records and that an investigation was required of the circumstances under which petitioner received service credit. By letter dated June 27, 2008, respondents made a preliminary determination that petitioner “was registered as an employee when, in fact, [he was] an independent contractor.” The letter stated only that such determination was based upon retirement system records, records provided by the employer and other unspecified documentation. Such letter gave petitioner 15 days to submit information in support of retaining petitioner’s service credit and benefits. The final determination letter of August 19, 2008 merely stated that based upon a review of petitioner’s relationship with the three school districts and the county, including the information provided by petitioner, it was determined that petitioner was an independent contractor rather than an employee. No factual basis or reasoning for the determination was provided.
The petition herein alleges that respondents arbitrarily and capriciously substituted their judgment for that of petitioner’s employers and respondents’ predecessors, that it was arbitrary and capricious and contrary to law retroactively to apply new policies, that the suspension and revocation of benefits and *1094 membership violated petitioner’s contractual property rights guaranteed by New York State Constitution, article Y, § 7, that the procedures followed violate petitioner’s due process right to a pre-deprivation hearing, that Retirement and Social Security Law § 74 is not applicable to these circumstances, that petitioner was not provided with adequate notice of the basis for respondents’ actions, that the burden of proof was impermissibly placed upon petitioner to show that he was an employee, that petitioner will be required to present his case without knowledge of the basis for respondents’ actions, that the determination is contrary to 2 NYCRR part 370, and that respondents have no authority to change petitioner’s status absent an error in calculations or fraud.
Respondents have moved to dismiss the petition on the grounds that it fails to state a cause of action, that petitioner has failed to exhaust the administrative remedy of a hearing provided by Retirement and Social Security Law § 74, that the issues are not ripe for judicial review and that there can be no estoppel against respondents. Petitioner’s opposition to the motion to dismiss expressly states that petitioner is not relying upon a theory of estoppel and a review of the petition indicates that no such theory is asserted. Accordingly, the court need not address respondents’ arguments concerning estoppel.
Petitioner contends that he does not have any administrative remedy available because Retirement and Social Security Law § 74 hearings are limited to determinations concerning applications for retirement benefits (see Deputy Sheriff’s Benevolent Assn. of Onondaga County v Regan, 106 Misc 2d 258, 261-262 [1980], affd on other grounds 86 AD2d 680 [3d Dept 1982]). Indeed, the language of the statute provides that an applicant for a retirement allowance or other benefit may demand a hearing following receipt of a determination of such an application. Petitioner contends that his application for retirement was submitted and finally determined eight years ago and thus the statute is inapplicable.
Notwithstanding the restrictive language of Retirement and Social Security Law § 74, there is a long-standing history of providing and/or requiring a hearing upon a determination with respect to retirement system membership or service credit (see Matter of Cole-Hatchard v McCall, 4 AD3d 715 [3d Dept 2004]; Matter of Graham v New York State Police & Fire Retirement Sys., 188 AD2d 826 [3d Dept 1992]; Matter of Brosnahan v New York State Employees’ Retirement Sys., 174 AD2d 954, 955 [3d *1095 Dept 1991]). Such a hearing would be authorized pursuant to the Comptroller’s inherent authority (see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Co-hoes, 175 Misc 2d 726, 730 [Sup Ct, Albany County 1998], mod on other grounds 258 AD2d 24 [3d Dept 1999], affd 94 NY2d 686 [2000]) as well as the general requirement that statutes be construed to uphold their constitutionality (see McKinney’s Cons Laws of NY, Book 1, Statutes § 150), as an administrative hearing may be required to provide procedural due process (see Matter of Brennan v Kaluczky, 226 AD2d 953, 955 [3d Dept 1996]) notwithstanding the absence of any specific statutory provision (see Matter of Economico v Village of Pelham, 50 NY2d 120, 127 [1980], superseded on other grounds by Cleveland Bd. of Ed. v Loudermill, 470 US 532 [1985]). It is therefore determined that petitioner does have an administrative remedy available.
Petitioner contends that even if there is an available administrative remedy, because he has raised constitutional issues he is not required to exhaust such remedy (see e.g. Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Petitioner contends that his retirement benefits are constitutionally protected, and as such, he has raised a constitutional claim sufficient to except the proceeding from the exhaustion requirement. However, New York State Constitution, article V, § 7 merely provides that retirement system benefits are contractual in nature and may not be impaired or diminished by state action. Such guarantee does not render an individual retirement system member’s benefits inviolate. Rather,
“[t]he purpose of the constitutional provision is ‘to insure that pension and retirement benefits [are not] subject to the whim of the Legislature or the caprice of the employer’ (Matter of Village of Fairport v Newman, 90 AD2d 293, 295, lv denied 58 NY2d 1112). There is no constitutional violation unless the contractual benefits are unilaterally diminished (supra, at 295-296; see, Rosen v New York City Teachers’ Retirement Bd., 282 App Div 216, 218, affd 306 NY 625).” (Matter of Delaney v Regan, 183 AD2d 981, 982 [3d Dept 1992].)
The benefits are subject to and may be altered or waived by collective bargaining (see Matter of McGarrigle v City of New York, 23 AD3d 196, 198 [1st Dept 2005]) indicating that the constitutional protections apply at a contractual level with no guarantee of any specific individual’s benefits. Essentially, the constitu *1096 tional provision grants the petitioner a property interest in his retirement benefits. However, it does not significantly increase or enhance the nature of the property interest to require a heightened level of due process. At a procedural level the provision merely requires that the procedures applicable to any reduction or termination of benefits not be changed to reduce the amount of protection provided so long as the prior procedures complied with due process requirements. To the extent that the petition may be read as contending that petitioner’s benefits and membership may never be terminated it fails to state a cause of action.
Petitioner’s claims of violations of New York State Constitution, article V, § 7 allege the retroactive application of new policies, practices and procedures which diminish petitioner’s benefits. The recently promulgated regulations at 2 NYCRR 315.3 (c) (2) (i) set forth 17 factors supporting a conclusion that an individual is an employee rather than an independent contractor and at clause (ii) set forth six factors supporting a conclusion that an individual is an independent contractor rather than an employee. Petitioner contends that these 23 factors constitute an impermissible change in the 20 common-law factors established by the Internal Revenue Service and utilized by respondents’ predecessors to determine the existence of an employer/employee relationship. It is also alleged that respondents are now using forms which include only 13 or 14 factors to consider in making the determination. A review of the 23 regulatory factors and the form questions establishes that they are similar to the 20 common-law factors historically applied. In the absence of a specific administrative record it is impossible to determine how the Comptroller will apply the new regulations and forms. The 23 factors might be applied as a mere clarification of the historical 20 common-law factors, in which case there would be no constitutional violation. Moreover, it is noted that the Comptroller has historically applied a “ ‘results-means’ control test” to determine whether a retirement system member was properly designated an employee, rather than an independent contractor (see Matter of Brosnahan v New York State Employees’ Retirement Sys., 174 AD2d at 955). Whether the determination to terminate petitioner’s benefits and membership constitutes application of long-standing policies and procedures or is actually an improper retroactive change is necessarily fact intensive and would clearly benefit from a fully developed administrative record (see Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995]; Matter of Finch, Pruyn & Co. v Kearns, *1097 282 AD2d 858, 859-860 [3d Dept 2001]). Petitioner has therefore failed to show an applicable exception to the exhaustion requirement with respect to the claim of violation of New York State Constitution, article Y, § 7 (see Matter of Cole-Hatchard v McCall, 4 AD3d at 716). As such, that portion of the petition is premature and must await the outcome of an administrative hearing. Therefore, the motion to dismiss such claim shall be granted.
Petitioner also contends that the summary termination of benefits and removal from the retirement system violates the Fifth and Fourteenth Amendments of the United States Constitution by depriving him of procedural due process. Respondents have failed to establish that there is any available administrative procedure to challenge the constitutionality of the administrative process itself. In addition, in contrast to the preceding claim, whether the administrative procedures provide procedural due process is primarily a question of law with no need for a detailed factual record.
Petitioner contends that a hearing pursuant to Retirement and Social Security Law § 74 would fail to provide due process on the grounds that the statute fails to provide a pre-termination hearing, that petitioner has not been given adequate notice of the claims against him and that it would impermissibly transfer the burden of proof to petitioner to establish that there was no error. In determining the extent of process which is due in any specific situation, the court must consider and weigh the nature of the private interest affected, the risk of error under the challenged procedures compared with that of alternative procedures and the interests of the government (see Mathews v Eldridge, 424 US 319, 335 [1976]; Matter of Uniform Firefighters of Co-hoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686, 691 [2000]).
As noted above, the petitioner has a significant property interest in his retirement system benefits and membership which is specifically protected by the New York State Constitution. It is likely that he has made financial plans and incurred expenses based upon the expectation of continued receipt of the benefits. In contrast, while the government has a strong interest in preventing erroneous payments, or in recouping them if made (see Matter of Schwartfigure v Hartnett, 83 NY2d 296, 300 [1994]), there has been no showing of a likelihood, or even a significant possibility, of difficulty in recouping payments made during the additional period required for a pre-deprivation hear *1098 ing. There has also been no showing that requiring a predeprivation hearing would impose any great burden on the government. The government’s interest is further tempered by the fact that the retirement system is entirely funded by employer and employee contributions which were in fact made by or on behalf of all retirement system members, including petitioner. The government’s interest is also distinguishable from the analogous situation of termination of public employment. In such cases it has consistently been held that due process only requires initial notice of the specific grounds for termination, a meaningful opportunity to be heard prior to termination and a prompt post-termination administrative hearing (see Matter of Hurwitz v Perales, 81 NY2d 182, 186 [1993]; Matter of Prue v Hunt, 78 NY2d 364, 367-368 [1991]; Matter of Gaines v New York State Div. for Youth, 213 AD2d 894, 896 [3d Dept 1995]; see also Matter of Astor Gardens Health Care Ctr. v Novello, 304 AD2d 961, 963-964 [3d Dept 2003]). However, in those cases, the government also had the additional interest of removing poorly performing employees as soon as possible.
The third factor is the risk of an erroneous temporary deprivation if the hearing is not held prior to such deprivation. The issues involved in the question of whether petitioner was an employee or an independent contractor encompass decades, with his public employment starting in 1972. It is likely that a significant portion of the evidence relevant to the issues will be documentary in nature. Under such circumstances a predeprivation hearing may not be necessary to prevent a likelihood of an erroneous initial determination. It is noted that petitioner has been found to be an employee on numerous occasions by respondents’ predecessors on the same facts. However, while the court would only be speculating as to whether an erroneous determination occurred in this instance given the absence of any stated factual basis for respondents’ determination, the procedure actually followed herein by respondents appears to entail a high risk of an erroneous initial determination. Accordingly, the conclusion that a pre-deprivation hearing may not be necessary is based upon the assumption that minimal due process requirements of adequate notice of the grounds for the determination and a meaningful opportunity to respond would be provided. As such, a determination as to the extent of process which is due will be based upon balancing the private interests against the government’s interests.
The court finds that petitioner’s private interests may outweigh the government’s limited interest in effecting the dep *1099 rivation prior to granting a hearing. As such, due process may require that petitioner, who is already receiving retirement benefits, be provided a pre-deprivation hearing (see Ortiz v Regan, 769 F Supp 570, 571 [1991]; Ortiz v Regan, 749 F Supp 1254, 1260 [1990]). Therefore, the claim that a pre-deprivation hearing is required states a valid cause of action.
The petition, supported by copies of the notices provided, alleges that petitioner was not given any notice of the factual or theoretical basis for respondents’ determinations. There is no indication as to what facts or considerations respondents relied upon in making their initial determination that petitioner was not an employee. Under respondents’ procedure, petitioner is expected to bear the burden of proving that he was an employee in a vacuum with no notice as to which factors should be addressed or emphasized. The court therefore finds that these allegations of a lack of notice are sufficient to allege a violation of petitioner’s due process rights (see Gray Panthers v Schweiker, 652 F2d 146, 168-169 [1980]; Matter of Alvarado v State of N.Y., Dept. of State, Div. of State Athletic Commn., 110 AD2d 583, 584 [1st Dept 1985]; Butler v Wing, 177 Misc 2d 779, 790-791 [Sup Ct, NY County 1998], revd on other grounds 275 AD2d 273 [1st Dept 2000]). Furthermore, mandating that petitioner go forward with a post-deprivation administrative hearing prior to article 78 review would deprive petitioner of due process and cause significant prejudice in requiring the presentation of his case with a lack of adequate notice, rendering the administrative remedy futile. Petitioner has therefore shown an applicable exception to the exhaustion requirement. Accordingly, the motion to dismiss the due process pre-deprivation hearing and lack of notice claims for failure to state a cause of action shall be denied.
With respect to the claim that the burden of proof has been improperly shifted to petitioner, State Administrative Procedure Act § 306 (1) specifically provides that the party who initiates the administrative hearing shall bear the burden of proof. The constitutionality of this procedure has been upheld in proceedings involving ordinary property rights (see Matter of Mayflower Nursing Home v Office of Health Sys. Mgt. of Dept. of Health of State of N.Y., 59 NY2d 935, 938 [1983]; see also Matter of Kingston v Gorman, 17 AD3d 1079 [4th Dept 2005]) which do not receive the same level of constitutional protection as personal or liberty interests (see Matter of Seiffert, 65 NY2d 278, 280 [1985]). It is only where heightened constitutional protection is required that it is improper to impose the burden *1100 of proof on the individual (see Matter of Miller v DeBuono, 90 NY2d 783, 792-794 [1997] [stigma plus from being placed on patient abuse registry]; Property Clerk of Police Dept. of City of N.Y. v Harris, 9 NY3d 237 [2007] [civil forfeiture of property used to commit a crime]; Matter of Hammill v Blum, 75 AD2d 581, 582 [1980] [public assistance benefits required for the necessities of life]). Even where there is significant stigma associated with a determination to exclude an air carrier from government contracts due to safety considerations, imposing the entire burden of proof upon the entity challenging the governmental determination meets due process requirements (see Reeve Aleutian Airways, Inc. v United States, 982 F2d 594, 601 [1993]). As discussed above, the instant proceeding involves ordinary property interests with little enhanced constitutional protection. Petitioner has therefore failed to show any impermissible transfer of the burden of proof. Accordingly, such claim is without merit and shall be dismissed for failure to state a cause of action.
With respect to the claim that respondents arbitrarily and capriciously substituted their judgment for that of the petitioner’s employers and respondents’ predecessors, petitioner has not shown any exception from the exhaustion of administrative remedies requirement. Just as with the claim of a retroactive application of new policies and procedures, a determination on such claim must await a full administrative record. Accordingly, such claim shall be dismissed.
The petition also alleges that the determination to terminate benefits and membership is contrary to and in derogation of 2 NYCRR part 370. The regulations in question (2 NYCRR 370.1), state that they are applicable to how service credit for tier 1 members is to be calculated. 2 NYCRR 370.2 provides:
“Full credit shall be granted with respect to positions:
“(a) which do not have a specified work day (or a specified number of work days in a month); and
“(b) in which the individual is compensated on the basis of an ‘annual salary’ that is set forth by law, regulation, ordinance or resolution; and
“(c) where the actual compensation paid and/or payable to such officer or employee is not reduced on account of hours/days not worked.”
*1101 2 NYCRR 370.3 provides:
“An individual shall receive prorated credit for the following types of service:
“(a) Employees paid on an hourly, daily or per meeting employment. With respect to individuals employed on an hourly or per diem basis, the service shall be credited based on the fraction determined by dividing the number of hours/days worked in a month to the number of hours/days that is considered full-time for the position. An individual who is paid on a per meeting basis shall be considered to be employed on a per diem basis, and a meeting attended by such individual shall be considered a day of work for service crediting purposes.
“(b) Positions in which the member is employed to work a percentage of a full-time position. Service credit shall be based on the percentage of time the individual is employed to work. For example, if an individual is hired to work 50 percent of a full-time position, the individual will receive one-half of a year’s credit for paid service on the payroll for an entire year.”
The regulations on their face expressly presume that the retirement system member is an employee, and not an independent contractor. The regulations do not mention the issue of how to determine whether a retirement system member is properly designated an employee rather than an independent contractor. As such, the contention that the regulations replace or supercede the common-law criteria applicable to whether an individual is an employee or an independent contractor is contrary to the express language of the regulations and is entirely without merit. It is therefore determined that the provisions of 2 NYCRR 370.2 and 370.3 have no bearing on the issue of whether petitioner was an employee entitled to membership and retirement benefits. Rather, the regulations are limited to the issue of how to calculate service credit for a member who is actually an employee eligible for service credit. As such, the determination that petitioner was an independent contractor rather than an employee is not in any sense contrary to 2 NYCRR part 370. Such claim fails to state a cause of action and shall be dismissed.
Finally, the petition alleges that respondents do not have any authority to change prior determinations with respect to membership and petitioner’s retirement benefits absent an error in calculations or fraud.
*1102 “The Comptroller is required to correct ‘any change or error in any record of the retirement system [which] causes a member or beneficiary of such system to receive more or less than he would have been entitled to receive had such record been correct’ (Retirement and Social Security Law § 111 [b]; see, Matter of Boudreau v Levitt, 67 AD2d 1053, 1054, lv denied 47 NY2d 706). Petitioner’s claim, that the improper classification of a worker as an employee is not an ‘error’ within the meaning of this provision and hence not subject to correction by the Comptroller, is logically indefensible (cf., Matter of Boudreau v Levitt, supra).” (Matter of Brosnahan v New York State Employees’ Retirement Sys., 174 AD2d at 955.)
Clearly an error as to the classification of a worker as an employee is not an error in a calculation nor was there any mention of fraud in the holding. As such, essentially the same argument was expressly rejected by the court. It is therefore determined that such claim shall be dismissed for failure to state a cause of action.
Accordingly, it is ordered that the respondents’ motion to dismiss is hereby granted.