Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondents suspending petitioner’s credential and terminating his employment.
Respondent Office of Alcoholism and Substance Abuse Services (hereinafter OASAS) employed petitioner as an Addictions Counselor 2 at the Bronx Addiction Treatment Center (hereinafter BATC). Under the terms of his employment, petitioner was required to maintain a valid Credentialed Alcoholism and Substance Abuse Counselor (hereinafter CASAC) credential, which is issued by OASAS. In 1997, petitioner received his CASAC credential and renewed it every three years thereafter.
In October 2013, the Credentialing Unit’s Complaint Review Committee of OASAS received an official complaint from BATC’s facility director alleging that petitioner violated certain ethical provisions prohibiting a counselor from engaging in a sexual relationship or activity with a client. Specifically, the complaint arose from a report that petitioner had inappropriate contact with a client while she was receiving treatment at BATC and after she left for another treatment center. In May *1386 2014, OASAS notified petitioner of this complaint and, in a June 2014 letter, advised him of his right to a hearing, which petitioner exercised.
After a hearing, in a February 2015 report and recommendation, the Hearing Officer found that petitioner and the client had a relationship that “far exceeded an appropriate and professional one” and that “it comprised potential, and actual, harm” to the client. The Hearing Officer further found that, while the relationship between petitioner and the client had “sexual overtones,” it was “debatable” whether they engaged in an actual sexual encounter. As a penalty, the Hearing Officer recommended a one-year suspension of petitioner’s CASAC credential. Respondent Commissioner of Alcoholism and Substance Abuse Services adopted the Hearing Officer’s recommendation. In a March 2015 letter, OASAS notified petitioner that his employment was being terminated due to the suspension of his CASAC credential. Petitioner commenced this CPLR article 78 proceeding to review respondents’ determinations to suspend his CASAC credential and to terminate his employment. The matter thereafter was transferred to this Court. We confirm.
We review an agency’s determination made following a hearing to see whether it is supported by substantial evidence (see CPLR 7803 [4]; Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs., 112 AD3d 1020, 1021 [2013]; cf. Matter of Supreme Energy, LLC v Martens, 145 AD3d 1147, 1148 [2016]). “[Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably!,] probatively and logically” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]).
We disagree with petitioner’s contention that the determination to suspend his CASAC credential was not supported by substantial evidence. The record indicates that the relationship between petitioner and the client started when petitioner caught the client smoking at BATC. Since then, it progressed to the point where petitioner continued to provide the client cigarettes, petitioner drove her in his car, and they met on a beach and a boardwalk to eat. The client testified that petitioner bought her gifts, including a glass rose and earrings, and they exchanged personal messages and pictures via text messaging. Petitioner admitted that he had regular contact with the client that was unrelated to his professional relation *1387 ship with her. In view of the foregoing, we conclude that respondents’ determination that petitioner engaged in inappropriate behavior with the client was supported by substantial evidence (see Matter of Kingston v Gorman, 17 AD3d 1079, 1081 [2005]).
Even though there was insufficient evidence to establish that an actual sexual encounter between the client and petitioner occurred, in light of petitioner’s inappropriate behavior, we find that the penalty of suspending petitioner’s CASAC credential does not shock one’s sense of fairness (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). To that end, because petitioner’s employment with OASAS required that he hold a “currently registered and valid credential” (Mental Hygiene Law § 19.07 [d] [3]), we reject petitioner’s assertion that his termination was irrational (see generally Matter of Felix v New York City Dept. of Citywide Admin. Servs., 3 NY3d 498, 505-506 [2004]). Nor do we agree with petitioner’s argument that he was denied due process because OASAS did not proceed under the disciplinary procedures set forth in the collective bargaining agreement. In this regard, petitioner’s termination from OASAS stemmed from his failure to maintain a minimum qualification of his employment and, therefore, the provisions of the collective bargaining agreement did not apply (see id.; Matter of Lutz v Krokoff, 102 AD3d 146, 147 [2012], lv denied 20 NY3d 860 [2013]; Matter of Stolzman v New York State Dept. of Transp., 68 AD3d 1331, 1333 [2009], lv denied 14 NY3d 708 [2010]).
Petitioner’s remaining arguments have been examined and are found to lack merit.
Garry, J.P., Egan Jr., Rose and Devine, JJ., concur.
Adjudged that the determinations are confirmed, without costs, and petition dismissed.